IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EULOGIA CABELLO, individually and on behalf of those similarly situated | § § § | |
| Plaintiff, | § § | NO. 3-04-CV-1534-M |
| VS. | § § | |
| ALPHA TREATMENT CENTERS, INC. | § § | |
| Defendant. | § | |

**<u>MEMORANDUM ORDER</u>**

Defendant Alpha Treatment Centers, Inc. seeks leave to amend its answer to plead the affirmative defense of limitations of remedies pursuant to 29 U.S.C. § 255(a).[1] The court notes that the pleading deadline in this case expired on March 28, 2005. *See* Sch. Order, 11/17/04 at 2, ¶ 3. In order to amend its answer after the expiration of this deadline, defendant must establish "good cause" for modifying the scheduling order. *See* Fed. R. Civ. P. 16(b). The "good cause" standard focuses on the diligence of the party seeking the modification of an expired deadline. *See Dallas*

---

[1] The Fair Labor Standards Act provides, in pertinent part:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages,
> . . .
>
> * * * *
>
> if the cause of action accrues on or after May 14, 1947--may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C. § 255(a). Several courts have held that this limitations provision must be pleaded as an affirmative defense. *See, e.g. Hodgson v. Humphries*, 454 F.2d 1279, 1284 (10th Cir. 1972); *McLaughlin v. Pacesetter Corp.*, No. 87-0044L, 1988 WL 159167 at *2 (W.D. Ky. Sept. 29, 1988); *Marshall v. American Motors Corp.*, 475 F.Supp. 875, 883-84 (E.D. Mich. 1979).

*Area Rapid Transit v. Foster*, No. 3-00-CV-1080-BD, 2002 WL 31433295 *1 (N.D. Tex. Oct. 28, 2002) (Kaplan, J.) (citing cases). Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish "good cause." *Id.* Instead, the movant must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.*; *see also* 6A C. Wright & A. Miller, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990).

Here, defendant fails to allege, much less prove, any reason for failing to raise a limitations defense before the expiration of the pleading deadline. That plaintiff may not be prejudiced by such an amendment at this late date does not, by itself, establish "good cause." Accordingly, defendant's motion for leave to amend is denied.[2]

SO ORDERED.

DATED: October 5, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The Civil Justice Expense and Delay Reduction Plan adopted by this court provides that "[e]ach judge will continue to give priority to the monitoring and resolution of pending motions." Plan at § XI(2), *reprinted in* Texas Rules of Court--Federal at 282 (West Pamph. Supp. 2005). To eliminate undue delay and unnecessary expense to the parties in this and other civil actions, and because defendant has failed to establish "good cause" for modifying the scheduling order, the court will rule on the motion without a written response.